**Johnny R. PATTERSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–89–116–CR.**

Court of Appeals of Texas, Fort Worth.

April 25, 1990.

Danny D. Burns and David Bays, Fort Worth, for appellant.

Jerry Cobb, Crim. Dist. Atty. and Gwinda Burns, Asst., Denton, for State.

Before HILL, LATTIMORE and MEYERS, JJ.

## OPINION

HILL, Justice.

Johnny Patterson appeals his conviction by a jury of the offense of murder. The same jury assessed his punishment at life in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. Upon Patterson's first appeal, this court reversed for a new trial pursuant to TEX.CODE CRIM. PROC.ANN. art. 44.29(b) (Vernon Supp. 1990). Following a new trial on the issue of punishment only, a second jury also assessed Patterson's punishment at life imprisonment. In a sole point of error, Patterson urges that the trial court erred by denying his request for a jury charge on self-defense as a mitigating factor.

We affirm, because we hold that one is not entitled to an instruction with respect to a defense upon the retrial of the punishment stage of the proceeding.

Patterson relies on the holding in the case of *Penry v. Lynaugh*, 492 U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). In that opinion the United States Supreme Court reversed and remanded Penry's capital murder conviction, holding that under the instructions given to the jury it could not properly consider mitigating evidence presented by Penry, such as the evidence that showed Penry was mentally retarded. Justice O'Connor pointed out that the three jury questions presented to juries in Texas capital murder trials did not allow the jury to express the view that Penry did not deserve the death penalty in view of that mitigating evidence. *Id.* at ——, 109 S.Ct. at 2952, 106 L.Ed.2d at 284.

We find *Penry* to be distinguishable. In *Penry*, the jury was given no discretion with respect to the punishment assessed. If jurors answered the three questions presented in the affirmative, Penry was to be sentenced to death. There was no way for the jury to find that, in spite of its affirmative answers to those questions concerning his mental retardation, the mitigating evidence that Penry presented showed that he should not be executed. In this case, the jury was presented with all the facts of the offense and then given the ability to consider the full range of punishment for the offense. Unlike the jury in *Penry*, Patterson's jury was free to consider any mitigating evidence presented in determining Patterson's sentence. The court specifically told the jury that "you may take into consideration all of the facts shown by the evidence admitted before you in the full trial of this case." We know of no requirement that the jury be instructed as to a defense after a defendant has already been convicted and the jury is assessing punishment. We hold that there is none. Thus, we overrule Patterson's sole point of error.

The judgment is affirmed.